UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GALLER LEHMAN LAW, P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-591-TRM-CCS |
| | ) | |
| STEVE MILLER & ASSOCIATES, INC., and | ) | |
| STEVE MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Withdraw as Counsel [Doc. 24]. The Motion requests that Attorney Sharon Frankenberg be allowed to withdraw as counsel for the Plaintiff due to "irreconcilable conflicts with her client." The Motion states, "Specific Rules of Professional Conduct prohibiting continued representation will be cited and filed under seal if permitted by the Court."

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

>  (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
>  (2) Include in the motion the current mailing address and telephone number of the client;
>
>  (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
>  (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before

> the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Frankenberg's Motion to Withdraw is wholly deficient. Although the address of the Plaintiff is listed on the Certificate of Service, there is no telephone number for the Plaintiff, the Plaintiff did not sign the Motion and there is no proof that the Plaintiff consented to the Motion or that Attorney Frankenberg sent a copy of the Motion to the Plaintiff fourteen (14) days before filing, and there is no certification that the requirements of Local Rule 83.4 have been met. Moreover, the Court is concerned about the applicability of Local Rule 83.4(g) ("If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel.").

Because the Motion is deficient, a hearing on the merits of the Motion is now necessary. Accordingly, the parties are **ORDERED** to appear before it on **July 11, 2016, at 1:30 p.m.**, where the Court will address the Motion to Withdraw as Counsel [**Doc. 24**]. A representative of the Plaintiff **SHALL** attend the hearing. During the hearing, the Court will also address the Defendants' Motion to Amend Answer [**Doc. 26**], which is also deficient per the Local Rules. See Local Rule 15.1 ("A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion.").

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge